UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ANTHONY C. HILL,<br><br>    Plaintiff,<br><br>v.<br><br>WORKDAY, INC., et al.,<br><br>    Defendants. | Case No. 23-cv-06558-PHK<br><br>**GRANTING-IN-PART AND DENYING-IN-PART PLAINTIFF ANTHONY C. HILL'S EXPEDITED REQUEST TO STAY DISCOVERY DEADLINES**<br><br>Re: Dkt. 101 |

# ORDER

Before the Court is Plaintiff Anthony C. Hill's motion to clarify the procedural status and stay discovery deadlines. [Dkt. 101]. Having carefully reviewed the Parties' submissions, the Court finds this matter fit for resolution without oral argument. Civil L.R. 7-1(b). Accordingly, the Court **GRANTS-IN-PART** Plaintiff Hill's request.

District courts are given broad discretion in supervising the pretrial phase of litigation, and control of the docket is a matter left to the discretion of the district court. *Bigfoot Ventures Ltd. v. Knighton*, 132 F.4th 1138, 1147 (9th Cir. 2025) (quotations omitted).

While Plaintiff Hill has recently transitioned to *pro se* status, he has been on notice of the need to secure substitute counsel. Plaintiff has not demonstrated good cause to extend the stay through August 12, 2025, as requested. Tying the discovery stay to the continued Initial Case Management Conference is not a sufficient justification, particularly where such a delay would require a wholesale revision of the current case schedule.

Similarly, while Defendant Workday, Inc., now argues it will be prejudiced by a delay in discovery, Defendant Workday offers no explanation for why it chose to serve new discovery

requests only recently, despite being fully aware of the fact discovery deadline. The Court notes that the risk of prejudice to Defendant Workday was, at least in part, a consequence of strategic decisions made by both Parties to defer discovery until the pleadings were resolved. The Parties knowingly made that decision without direction from the Court.

Accordingly, the Court stays all discovery deadlines through June 27, 2025. During this time, Plaintiff Hill is expected to exercise more than minimal diligence in securing new counsel. If no substitute counsel has appeared by that date, Plaintiff Hill must be prepared to proceed *pro se*, including participating in discovery and complying with all court orders and deadlines.

## ADVISEMENT OF *PRO SE* RESOURCES

Plaintiff Hill is **ADVISED** that there are several resources for *pro se* litigants. The Court makes available a guide for *pro se* litigants called Representing Yourself in Federal Court: A Handbook for *Pro Se* Litigants, which provides instructions on how to proceed at every stage of a case, including discovery, motions, and trial. This guide is available electronically online at https://www.cand.uscourts.gov/wp-content/uploads/2020/02/Pro_Se_Handbook_2020ed_links_12-2021_MBB.pdf or in hard copy free of charge from the Clerk of Court's Office. The Court additionally has a webpage with resources for *pro se* litigants: https://www.cand.uscourts.gov/pro-se-litigants/.

**IT IS SO ORDERED.**

Dated: May 29, 2025

PETER H. KANG
United States Magistrate Judge