JULIE A. TOTTEN (STATE BAR NO. 166470)
jatotten@orrick.com
KAYLA D. GRUNDY (STATE BAR NO. 300513)
kgrundy@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
The Orrick Building
405 Howard Street
San Francisco, CA 94105-2669
Telephone:   (415) 773-5700
Facsimile:   (415) 773-5759

Attorneys for Defendant
WORKDAY, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY C. HILL, an individual, | Case No. 3:23-cv-06558 |
| Plaintiff, | **JOINT LETTER BRIEF REGARDING DISCOVERY DISPUTES** |
| v. | |
| WORKDAY, INC., a Delaware Corporation, and DOES 1 through 10, inclusive, | Dept.: F<br>Judge: Hon. Peter H. Kang |
| Defendants. | |

July 21, 2025

Hon. Peter H. Kang
United States District Court
Northern District of California
San Francisco Division

Re:     Hill v. Workday; Case No. 23-cv-06558-PHK; Discovery Dispute Letter

Dear Judge Kang:

Pursuant to this Court's Final Discovery Standing Order effective June 1, 2023, the Parties hereby submit the following letter detailing three current discovery disputes: the location of Plaintiff's deposition, the scope of Plaintiff's deposition of Workday under Rule 30(b)(6), and a modification of the Case Management Scheduling Order.

**Brief Background and Description of Meet and Confer Efforts**

Plaintiff's counsel first appeared in this case on June 11, 2025 and the parties stipulated to lifting the then-existing discovery stay on June 12, 2025. The Parties met and conferred in writing and telephonically, between June 12, 2025 and July 8, 2025. On July 8, 2025, consistent with the Court's procedures, Workday demanded a call between lead trial counsel to address the disputes. Because counsel for the parties are located more than 100 miles away from each other, the meeting between lead counsel took place via Zoom on July 14, 2025. Following that call, lead counsel for both parties agree that the parties are at impasse, no negotiated resolution can be reached, and court intervention is required.

**Workday's Positions**

***Workday has been attempting to take Plaintiff's deposition in person in San Francisco where Plaintiff instituted this lawsuit since May. Plaintiff initially agreed to this location but now insists on a remote deposition.*** Workday first noticed Plaintiff's deposition on May 14, 2025 soon after settlement discussions failed. After Plaintiff's new counsel appeared on June 11, 2025, Workday promptly sought to meet and confer to lift the discovery stay and address pending discovery. The parties met and conferred by phone on June 12, 2025. The parties spoke by phone again on June 13, 2025, including about Plaintiff's deposition and a Rule 30(b)(6) deposition of Workday that had not yet been noticed. While acknowledging that Plaintiff's deposition notice had been long pending, counsel for Plaintiff expressed a preference that the deposition of Plaintiff and the deposition of Workday occur within the same week, if possible. The parties agreed that the depositions would take place in San Francisco and to further discuss timing after Plaintiff noticed Workday's deposition. Since that time, Plaintiff has objected to appearing for deposition in person in San Francisco. Instead, Plaintiff insists the deposition proceed remotely. Workday seeks an Order from the Court requiring Plaintiff to appear in person in San Francisco.

"The general rule with respect to the location of depositions is that the plaintiff must produce its witnesses in the district in which the plaintiff instituted the action, unless the plaintiff has shown financial hardship or inability to attend the deposition in that district." *RePet, Inc. v. Zhao*, No., 2018 WL 9802098, at *3 (C.D.

Cal. Jan. 16, 2018) (*citing Aerocrine AB v. Apieron Inc.*, 267 F.R.D. 105, 108 (D. Del. 2010)). To be excused, Plaintiff must "persuasively demonstrate" that travel would be "practically impossible" or "otherwise [] fundamentally unfair." *See Fenerjian v. Nong Shim Co., Ltd*, No. 13CV04115WHODMR, 2016 WL 1019669, at *3 (N.D. Cal. Mar. 15, 2016). Plaintiff has not identified any circumstances that would warrant exception to the general rule. To the contrary, Plaintiff's justification for demanding a virtual deposition (not even an in-person deposition in Maryland), is simply that Plaintiff lives out of state and that virtual depositions are efficient (Plaintiff identified anxiety and financial concerns for the first time in preparing this statement to the Court). Plaintiff's location alone does not create the kind of hardship that can excuse his in-person attendance for deposition in the forum he chose to file his claims. *See Fenerjian*, 2016 WL 1019669, at *3 (the "usual difficulties and inconveniences in attending an out-of-state deposition" do not warrant an exception); *Sunsauce Foods Indus. Corp. v. Son Fish Sauce USA Corp.*, 2024 WL 778395, at *2 (N.D. Cal. Feb. 26, 2024) ("issues of time and money present ordinary concerns attendant to travel"). Plaintiff's authority to the contrary is inapposite in addition to being out-of-circuit. *Shockey v. Huhtamaki* involved the balancing of the small amount in controversy of a FLSA collective action for individual plaintiffs with the costs of travel. And in *Packard v. City of New York*, the plaintiff had moved internationally. Neither circumstance exists here. Importantly, Plaintiff lived in Maryland when he chose to file his claims in California and he chose to subject himself to the Court's jurisdiction anyway. The Court should require Plaintiff to appear in San Francisco for deposition. If the Court is not so inclined, the next suitable option is not a virtual deposition but an in-person deposition in Maryland.

**Plaintiff's 30(b)(6) Deposition Notice is Overbroad.** Plaintiff's operative complaint contains only one cause of action for promissory fraud. Despite that, Plaintiff's 30(b)(6) deposition notice identifies 22 topics, none of which are squarely relevant to his claim. During a meet and confer conversation, Plaintiff's counsel agreed that the deposition topics extend beyond promissory fraud, but asserted that the topics are related to claims pled in a *proposed* Second Amended Complaint. Workday contends this scope is improper, but in an effort to informally resolve this dispute suggested that until a Second Amended Complaint is allowed to be filed, the Parties agree to limit Plaintiff's deposition of Workday to matters relevant to alleged promissory fraud and any remaining topics could be covered if the Court permits the amendment. Plaintiff declined. Accordingly, Workday seeks a protective order preventing deposition of its designees on any matters not discoverable based on the currently operative complaint.

FRCP 26 limits the scope of discovery to "any nonprivileged matter that is relevant to **any party's claim or defense** and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." (emphasis added). Courts have held that production of information not relevant to the claims is an inherently undue burden. *Jimenez v. City of Chicago*, 733 F.Supp.2d 1268, 1273 (W.D. Wash. 2010). In similar scenarios, Courts have issued protective orders precluding testimony concerning potential future claims, unless and until those claims are permitted to

Hon. Peter H. Kang
July 21, 2025
Page 3

proceed. *See Ginena v. Alaska Airlines, Inc.*, No. 2:04-CV-01304-RCJ, 2011 WL 4749104, at *1 (D. Nev. Oct. 6, 2011) (granting defendant's request for a protective order precluding the deposition of its representative where the proposed testimony was not relevant to a currently pending claim but to a proposed defamation claim); *DeLayo v. New Mexico Corr. Dep't*, No. CV 22-165 MIS/GBW, 2022 WL 16855130, at *1 (D.N.M. Nov. 10, 2022) (granting motion for protective order to prevent deposition of witnesses regarding topics irrelevant to the operative complaint and rejecting argument that proposed amended complaint where leave to amend not yet granted is controlling). The Court should find the same here and Plaintiff's out-of-circuit authority does not state otherwise.

**Plaintiff's Request to Modify Scheduling Order Should Be Denied.** Per the operative scheduling order, fact discovery closes August 22, 2025. The parties agreed to postpone discovery until the Court issued its order on Workday's motion to dismiss. However, Workday contacted Plaintiff in February 2025 to discuss initiating initial disclosures and discovery despite the fact the Court had not yet issued an order in acknowledgement of the fact the discovery deadline was unlikely to move. Plaintiff's counsel adamantly refused and represented that it would be a waste of resources to conduct discovery when he did not know whether Plaintiff's claims would survive. Accordingly, the parties continued to await the Court's order. Once the Court issued its order in March 2025, the parties revisited settlement discussions in light of the narrower scope of Plaintiff's claims. As soon as those discussions ended, Workday served discovery and noticed Plaintiff's deposition. While Workday acknowledges that if the Court permits Plaintiff to file a further amended complaint, the current schedule is not tenable, Workday's position is that the parties can complete discovery on the promissory fraud claim by August 22, 2025. To the extent that becomes infeasible, it will be because Plaintiff refuses to narrow discovery to the current claim unless and until the Court permits a Second Amended Complaint. Workday's request for a 4-day extension of time to respond to requests for production has no bearing on whether discovery can be timely completed.

<u>**Plaintiff Anthony Hill's Positions**</u>

***Deposition of Plaintiff***. Since Plaintiff's counsel appeared on June 11, 2025, we have diligently worked to advance this matter. We agreed to lift the discovery stay, participated in several meet and confers, served initial disclosures, produced documents, and provided written discovery responses to the Defendant. We also provided a copy of a proposed Second Amended Complaint and conferred regarding its filing. When agreement could not be reached, Plaintiff indicated intent to seek leave to amend under Rule 15, which will be filed with the court in the coming week.

During early meet and confer discussions, Plaintiff's counsel indicated a general preference for in-person depositions, subject to later coordination and finalization of logistics. Since that time, as counsel has become more familiar with the case and Plaintiff's personal circumstances, including anxiety-related concerns, it has become apparent that requiring Plaintiff to travel cross-country for an in-person deposition would be unduly burdensome. Notably, Plaintiff resides in Maryland and has done so throughout his employment with Workday. He was hired as a fully remote employee and has never lived

Hon. Peter H. Kang
July 21, 2025
Page 4

in California throughout his time with Workday to present. Furthermore, Plaintiff is currently on unpaid leave and does not have the financial resources to fly across the county and stay for potentially multiple days for a deposition that can simply take place remotely.

Although it is generally true that plaintiffs may be required to appear for deposition in the forum in which they filed suit, this rule is not absolute. Courts retain discretion under the Federal Rules of Civil Procedure to balance fairness and hardship when determining deposition logistics. See *Shockey v. Huhtamaki, Inc.*, 280 F.R.D. 598, 602 (D. Kan. 2012). For example, in *Packard v. City of New York*, 326 F.R.D. 66, 69 (E.D.N.Y. 2018), the court declined to require in-forum attendance due to potential hardship and emphasized that the presumption of in-person depositions must yield when unjust.

Rule 30(b)(4) specifically authorizes the Court to order that a deposition be conducted remotely "for good cause." Given Plaintiff's permanent residence on the East Coast, his consistent remote employment, and health-related anxiety, compelling him to travel to California, would impose significant hardship for minimal gain. Courts have found that the time, cost, and stress of cross-country travel are sufficient bases to permit remote depositions. See *Shockey*, 280 F.R.D. at 602. Remote depositions have become common and effective, offering practical means to preserve rights and conduct fair discovery while minimizing undue burden. This approach is consistent with modern litigation practices and the proportionality requirements of Rule 26.

Accordingly, Plaintiff respectfully requests that the Court permit his deposition to proceed remotely, as doing so is both reasonable and consistent with the Federal Rules and relevant authority.

**Scope of Plaintiff's 30(b)(6) Deposition.** The scope of Plaintiff's Rule 30(b)(6) deposition notice is appropriate and should not be limited to the single promissory fraud claim in the current operative complaint. Plaintiff has already provided Defendants with a copy of the proposed Second Amended Complaint, which outlines all intended causes of action. The noticed deposition topics are tailored to those claims, and the discovery is both relevant and proportional under Rule 26(b)(1).

Courts have recognized that discovery may encompass matters relevant to anticipated amendments, particularly when the factual basis overlaps with existing claims. See *Mir v. L–3 Commc'ns Integrated Sys., L.P.*, 319 F.R.D. 220, 227 (N.D. Tex. 2016) (discovery may support amendments to pleadings so long as it is not overly broad or disproportionate); *South Pointe Wholesale, Inc. v. Vilardi*, No. 16-CV-6758, 2017 WL 11570668, at *2 (E.D.N.Y. May 2, 2017) (acknowledging discovery may uncover facts justifying amendments). Rule 26 expressly permits discovery of relevant and proportional matters that "may support amendments," so long as they are not pursued as a fishing expedition for unrelated claims.

This issue is exacerbated by the looming August 22, 2025 discovery cutoff. But for that imminent deadline, the parties could simply await the Court's ruling on Plaintiff's Rule 15 motion before scheduling the deposition. Plaintiff should not be penalized for diligently preserving discovery rights under a

Hon. Peter H. Kang
July 21, 2025
Page 5

compressed case calendar. Accordingly, Plaintiff requests that Defendants provide availability for the deposition of Workday's corporate designee(s) on all noticed topics.

***Continuation of the Case Management Scheduling Order.*** Plaintiff respectfully requests a brief extension of the current discovery cutoff of August 22, 2025, and the corresponding dates thereafter. Good cause exists under Federal Rule of Civil Procedure 16(b)(4) to modify the scheduling order, and Plaintiff has acted diligently in attempting to meet the existing deadline.

Since Plaintiff's counsel appeared on June 11, 2025, Plaintiff has worked proactively to advance discovery. Plaintiff stipulated to lift the discovery stay, served initial disclosures, produced responsive documents, served discovery responses, and engaged in multiple meet and confer efforts regarding deposition logistics and the scope of discovery. Despite these efforts, key disputes remain unresolved, including the location of Plaintiff's deposition and the scope of Workday's Rule 30(b)(6) deposition. These issues, combined with Defendants' election to withhold document production in favor of summary descriptions, require additional time to complete necessary written and oral discovery.

Under Rule 16(b)(4), good cause exists where the moving party is unable to meet the scheduling order deadlines despite exercising diligence. See Hernandez v. Mario's Auto Sales, Inc., 617 F. Supp. 2d 488, 493 (D. Del. 2009); *Cardew v. N.Y. State Dep't of Corr. & Cmty. Supervision*, 743 F. Supp. 3d 523, 527 (W.D.N.Y. 2024). Plaintiff's diligence is evident from the record. Moreover, the need for this brief extension is not due to delay or neglect, but rather a function of procedural overlap and compressed timing within the current discovery schedule.

Additionally, Plaintiff's forthcoming motion for leave to file a Second Amended Complaint provides further support for good cause. Courts recognize that discovery relevant to existing claims may also support anticipated amendments, particularly when the underlying factual issues are interrelated. See *Mir v. L–3 Commc'ns Integrated Sys., L.P.*, 319 F.R.D. 220, 227 (N.D. Tex. 2016). A modest extension would allow the parties to conduct depositions and serve targeted discovery once the pleadings are clarified, thereby promoting efficiency and avoiding prejudice.

Lastly, Defendants have asked for a further extension to provide written discovery responses to July 25, 2025, which is no delay of Plaintiffs own making, and will be the first time Defendants produce any type of document in this entire case.

Plaintiff's request is narrowly tailored to allow fair completion of discovery without impacting the trial or pretrial conference dates. Accordingly, Plaintiff respectfully submits that good cause exists to extend the discovery deadline and ensure the remaining discovery can be completed with appropriate scope and efficiency.

Hon. Peter H. Kang
July 21, 2025
Page 6

                        Webb Law Group, APC

                        By:  */s/ Katherine Cervantes*

                        Lenden Webb
                        Katherine Cervantes
                        Attorneys for Plaintiff
                        ANTHONY C. HILL

                        Orrick, Herrington & Sutcliffe LLP

                        By:  */s/ Julie Totten*

                        Julie Totten
                        Kayla Delgado Grundy
                        Attorneys for Defendant
                        WORKDAY, INC.