Lenden F. Webb, Esq (236377)
Katherine E. Cervantes (333940)
**WEBB LAW GROUP, APC**
10509 Vista Sorrento Parkway, Suite 450
San Diego, CA 92121
Telephone: (619) 399-7700
Email: LWebb@WebbLawGroup.com
Email: KCervantes@WebbLawGroup.com
**Please serve to:** Service@WebbLawGroup.com

Attorneys for Plaintiff,
ANTHONY C. HILL

WEBB LAW GROUP, APC
10509 Vista Sorrento Parkway, Suite 450
San Diego, California 92121

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| ANTHONY C. HILL, an individual,<br><br>        Plaintiff,<br><br>    v.<br><br>WORKDAY, INC., et al.,<br><br>        Defendant. | Case No.: 23-cv-06558-PHK<br>**DECLARATION OF LENDEN F. WEBB IN SUPPORT OF ORDER RE: RESPONSE TO ORDER TO SHOW CAUSE BY ATTORNEYS WEBB AND CERVANTES**<br><br>Re: Docket #161 and Docket #177<br><br>Dept.: F<br>Judge: Hon. Peter F. Kang |

I, LENDEN F. WEBB, declare as follows:

1.      I am an attorney licensed by the State Bar of California and I was previous counsel of record for the Plaintiff ANTHONY C. HILL (*hereinafter* "Plaintiff") in the above-captioned matter.

2.      On July 17, 2025 Plaintiff ANTHONY C. HILL moved to substitute out Webb Law Group, APC and counselors Katherine E. Cervantes and Lenden F. Webb to self-represent himself in pro per. This Court granted the substitution of attorney on August 7, 2025 (Docket #144).

**DECLARATION OF LENDEN F. WEBB IN SUPPORT OF ORDER RE: RESPONSE TO ORDER TO SHOW CAUSE BY ATTORNEYS WEBB AND CERVANTES**

- 1 -

WEBB LAW GROUP, APC
10509 Vista Sorrento Parkway, Suite 450
San Diego, California 92121

3.     This declaration is submitted in response to the Court's, September 5, 2025, ORDER RE: RESPONSE TO ORDER TO SHOW CAUSE BY ATTORNEYS WEBB AND CERVANTES (Docket #161) and FURTHER ORDER TO SHOW CAUSE dated October 22, 2025 (Docket #177).

4.     On behalf of Plaintiff ANTHONY C. Hill, associate attorney Katherine E. Cervantes drafted and submitted Plaintiff's position to the Joint letter Brief Regarding Discovery Disputes filed with the Court on July 21, 2025 (Docket #117).

5.     Thereafter, on July 30, 2025, this Court set an Order to Show Cause (Docket #129) regarding the discovery brief (Docket #117) drafted by Katherine Cervantes, Esq. that the Court contends contained fake citation to nonexistent law.

6.     On the same day the July 30, 2025 Order to Show Cause (Docket #129) was issued associate attorney Katherine Cervantes, Esq. timely and diligently filed a declaration (Docket #131) in response.

7.     I noted the Court's Order to Show Cause issued on July 30, 2025 (Docket #129) did not request briefing on the responsibility of supervision of associate attorneys, instead the Court expressly requested "*include declarations under oath from all persons responsible for the briefing and citation*" of the Joint letter Brief Regarding Discovery Disputes filed with the Court on July 21, 2025 (Docket #117). Because I did not conduct the research nor contribute to the drafting of the filed Joint letter Brief Regarding Discovery Disputes (Docket #117). I did not believe the Order to Show Cause issued on July 30, 2025 (Docket #129) was directed to me. I sincerely apologize to the Court for the misunderstanding and mean no disrespect. I do recognize I am listed as an attorney of record and listed on the signature block of the submitted Joint Letter Brief Regarding Discovery Disputes (Docket #117).

8.     As I understand, I am the namesake for Webb Law Group, APC and the senior attorney who supervises Ms. Cervantes, however, I did not collaborate nor contribute to drafting of the Joint Letter Brief Regarding Discovery Dispute filed with the Court on July 21, 2025 (Docket #117), therefore, I could not competently and truthfully respond to the following:

WEBB LAW GROUP, APC
10509 Vista Sorrento Parkway, Suite 450
San Diego, California 92121

(1) explain the source, origin and method of their finding the citation "*South Pointe Wholesale, Inc. v. Vilardi*, No. 16-CV-6758, 2017 WL 11570668, at *2 (E.D. N.Y. May 2, 2017)";

(2) explain all steps taken to verify the accuracy, veracity, and existence of the case cited as "*South Pointe Wholesale, Inc. v. Vilardi*, No. 16-CV-6758, 2017 WL 11570668, at *2 (E.D. N.Y. May 2, 2017)";

(3) explain all bases for the assertion in their brief that *South Pointe Wholesale, Inc. v. Vilardi*, No. 16-CV-6758, 2017 WL 11570668, at *2 (E.D. N.Y. May 2, 2017), supports the parenthetical they wrote in their brief that this case is "acknowledging discovery may uncover facts justifying amendments";

(4) explain all bases for the assertion in their brief that *Mir v. L–3 Commc'ns Integrated Sys., L.P.*, 319 F.R.D. 220, 227 (N.D. Tex. 2016), supports the parenthetical they wrote in their brief that "discovery may support amendments to pleadings so long as it is not overly broad or disproportionate";

9.      However, the court is 100% accurate in that I do possess managerial authority over Webb Law Group, APC that requires me to make reasonable efforts to ensure that the firm has in effect measures that all attorneys in the firm comply with local rules of the court, including, the Court's Standing Orders and the State Bar Act. As such, since this single occurrence and isolated event of a "Frankensteinian legal citation", even earlier this week I took affirmative action to voice concern to our Westlaw representative about this hallucination issue, because this is a significant concern for me and I have invested significantly to our firm resources to root out the issues. Attached hereto as Exhibit A is a true and correct copy of an email correspondence exchanged with Westlaw representative Mark Strange.

10.     The Court held a hearing on the July 30th Order to Show Cause on August 12, 2025 (Docket #148). I did not personally appear because I had an advance scheduling conflict to conduct an in-person deposition set in Fresno, California on August 12, 2025 at 9:00 AM for Fresno Superior Court Case No.: 24CECG04403. A true and correct copy of the deposition notice is attached hereto as Exhibit B. If I had believed this Court was needing my input on the

**DECLARATION OF LENDEN F. WEBB IN SUPPORT OF ORDER RE: RESPONSE TO ORDER TO SHOW CAUSE BY ATTORNEYS WEBB AND CERVANTES**

- 3 -

aforementioned requested points cited above in paragraph 8, I would have rescheduled the deposition to appear in-person, again, I apologize for my misunderstanding.

11.    Moreover, Plaintiff had moved to substitute Webb Law Group, APC out to self-represent himself, which was granted by this Court's Order on August 7, 2025 (Docket # 144). Due to Plaintiff's termination of Webb Law Group, APC's representation, Ms. Cervantes appeared at the August 12, 2025 Order to Show Cause Hearing (Docket #148) to best address the Court's Order to Show Cause (Docket #129).

12.    I believed I was doing our firm best by flying Ms. Cervantes to appear in-person on a case where we were no longer counsel of record.  Webb Law Group, APC was no longer counsel of record as of August 7, 2025 (Docket #44).

13.    I now acknowledge and understand that I should have provided advance notice to the Court of my scheduling conflict due to a noticed deposition making me unavailable to personally appear at the held hearing on the July 30th Order to Show Cause on August 12, 2025 (Docket #148).

14.    Soon thereafter this Court after carefully reviewing Ms. Cervantes, Esq.'s submitted declaration (Docket #131) and holding a hearing on the Order to Show Cause (Docket #148) filed its Order (Docket #161) admonishing and sanctioning myself and Katherine E. Cervantes, Esq..

15.    As such, pursuant to the September 5, 2025 Order (Docket #161) I was sanctioned and ordered to:

> "Accordingly, the Court ORDERS Attorney Webb to file a declaration within fourteen (14) days of this Order addressing all of the issues raised in the original Order to Show Cause and further addressing the following: (1) explaining his nonappearance at the Order to Show Cause hearing; (2) explaining the failure to provide advance notice to court staff as to his apparent scheduling conflict; (3) describing his role and responsibilities as counsel of record with regard to the supervision of Attorney Cervantes and other members of his law firm with regard to the filing of the brief containing the fake citation; and (4) identifying what steps he personally and his firm have taken, or plan to take, to mitigate and prevent similar issues from occurring in the future.  Failure to comply with this directive may result in further sanctions.  The Court does not discharge the Order to Show Cause as to Attorney Webb."

**DECLARATION OF LENDEN F. WEBB IN SUPPORT OF ORDER RE: RESPONSE TO ORDER TO SHOW CAUSE BY ATTORNEYS WEBB AND CERVANTES**

16.      Unfortunately, Ms. Cervantes, Esq. nor I received a CM/EFC electronic file notification of the Court's September 5, 2025, ORDER RE: RESPONSE TO ORDER TO SHOW CAUSE BY ATTORNEYS WEBB AND CERVANTES (Docket #161), which ordered that I file the aforementioned declaration on or before September 19, 2025 to fully, sufficiently, and completely comply with this Order.

17.      It was not until very recently on Wednesday, October 22, 2025 at 9:08 PM that I received the email correspondence attached hereto as Exhibit C from email address PHKCRD@cand.uscourts.gov signed by Jenny Galang, Relief Courtroom Deputy to the Honorable Peter H. Kang, that provides notice of the Court's earlier ORDER RE: RESPONSE TO ORDER TO SHOW CAUSE BY ATTORNEYS WEBB AND CERVANTES (Docket #161) and FURTHER ORDER TO SHOW CAUSE (Docket #177).

18.      I drafted a brief response this morning and quickly apologized that we internally closed out this case on August 14, 2025 and no longer monitored the case docket. Attached hereto as Exhibit D is a true and correct copy of my responsive email to Ms. Jenny Galang, Relief Courtroom Deputy to the Honorable Peter H. Kang sent on Thursday, October 23, 2025.

19.      I am deeply concerned and cognizant about ensuring that my obligations entrusting the delegation of drafting competent pleadings by associate attorneys at Webb Law Group, APC complies with my professional responsibilities as the senior supervising attorney. The misuse of AI tools and the accountability of associate attorneys to check the citations to the case law cited has been thoroughly addressed since this single and isolated event by implementing mandatory case staffer trainings that especially emphasize the professional and ethical duty to check and read all cited case law.

20.      I respectfully request that this Court consider my mistake, inadvertence, or excusable neglect in not addressing the submitted Joint Letter Brief Regarding Discovery Dispute (Docket #117) to this Court's satisfaction that clearly raises concerns about the accuracy, completeness and candor regarding the breakdown and failure of my supervision to provide

appropriate, reasonable, and necessary efforts to ensure the accuracy in briefs submitted by Webb Law Group, APC.

21.    Lastly, another example of how seriously I take this issue is that I flew ten (10) of our staff to ClioCon in Boston last week to work on improving our firm's efforts to serve clients. Ms. Cervantes attended multiple seminars along with me on AI issues and we had an evening private room dinner meeting in Boston to go through notes as each staffer was assigned to separate sessions to learn as much as they could. This is not a conference for fun, this is work. Ms. Cervantes diligently sent me at least three (3) emails with notes from her training. We also had an "all hands" meeting at our home office in San Diego after the conference to address tools to ensure we are doing the best to continue to improve. A large push from this conference is to ethically use AI appropriately. Attached hereto as Exhibit E is a true and correct copy of the LinkedIn post from the ClioCon conference.

I declare under penalty of perjury under the laws of California that the foregoing is true and correct, and that this declaration was executed on October 23, 2025, in San Diego, California.

_____
LENDEN F. WEBB

**DECLARATION OF LENDEN F. WEBB IN SUPPORT OF ORDER RE: RESPONSE TO ORDER TO SHOW CAUSE BY ATTORNEYS WEBB AND CERVANTES**

- 6 -

WEBB LAW GROUP, APC
10509 Vista Sorrento Parkway, Suite 450
San Diego, California 92121

EXHIBIT A

**From:** "Strange, Mark A. (Legal)" <mark.strange@thomsonreuters.com>
**Date:** Tuesday, October 21, 2025 at 7:01 PM
**To:** Lenden Webb <LWebb@webblawgroup.com>
**Cc:** Keren Alvarado <KAlvarado@webblawgroup.com>
**Subject:** RE: Important Notification regarding your Thomson Reuters Account: 1003251215 WEBB LAW GROUP APC

Hey Lenden, Your negation skills never cease to amaze me. I'll need more details regarding the hallucinated" citations. Send me KEC's research stuff and then we talk.

Cheers,
~Mark

EXHIBIT B

Lenden F. Webb (SBN 236377)
**WEBB LAW GROUP, APC**
466 W. Fallbrook Ave., Suite 102
Fresno, CA 93711
Telephone: (559) 431-4888
Facsimile: (559) 821-4500
Email: LWebb@WebbLawGroup.com
**Please also serve:** Service@WebbLawGroup.com

Attorney for Plaintiff,
SAMANTHA PAGE

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF FRESNO

## CIVIL UNLIMITED DIVISION

| | |
|---|---|
| SAMANTHA PAGE, an individual, | CASE NO. 24CECG04403 |
| Plaintiff, | |
| vs. | **PLAINTIFF'S SECOND AMENDED NOTICE OF TAKING DEPOSITION OF DEFENDANT JEFF WOO WITH REQUEST FOR PRODUCTION** |
| BOOS & ASSOCIATES, APC., a California Corporation; WAYNE BOOS, an individual; JEFF WOO, an individual; and Does 1 through 25, inclusive, | |
| Defendants. | **Date: August 12-14, 2025**<br>**Time: 9:00AM**<br>**Location:**<br>**1326 W. Herndon Avenue, Suite 101,**<br>**Fresno, CA 93711** |

### TO ALL PARTIES AND TO THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE that, Plaintiff SAMANTHA PAGE, will take the deposition of the Defendant JEFF WOO, upon oral examination pursuant to California Code of Civil Procedure §2025.010, *et seq*. as follows:

| | |
|---|---|
| **DATE:** | **August 12-14, 2025** |
| **TIME:** | **9:00 a.m.** |
| **LOCATION:** | **1326 W. Herndon Avenue, Suite 101,** |
| | **Fresno, CA 93711** |

///

///

WEBB LAW GROUP, APC
466 West Fallbrook Avenue, Suite 102
Fresno, California 93711

If any deponent requires the services of an interpreter, counsel for deponent must notify this office, in writing, no later than five (5) business days prior to the deposition date, of the need for an interpreter and the exact language/dialect that is required.  If counsel fails to comply with this notice, the deposition will be continued, and this office will seek sanctions against the deponent and/or his/her/its counsel for the cost of the court reporter, counsel fees and all costs associated with the continued deposition.

NOTICE IS FURTHER GIVEN that the deposition shall be taken before a Certified Shorthand Reporter of the State of California and will be recorded by stenographic, by audio, and by video and shall continue from day to day excluding Saturdays and holidays, until completed.

NOTICE IS FURTHER GIVEN that pursuant of CCP sections 2025.330(c) and 2025.620, the deposition may be audio or videotaped for use at trial.

NOTICE IS FURTHER GIVEN that pursuant to California Code of Civil Procedure section 2025.270, Deponent has been provided at least 10 days of notice prior to the said deposition, as reflected by the attached Proof of Service on counsel for Deponent.

NOTICE IS FURTHER GIVEN that pursuant to California Code of Civil Procedure section 2025.220(a)(5) that the noticing party reserves the right to record the testimony through instant visual replay.

NOTICE IS FURTHER GIVEN that pursuant to California Code of Civil Procedure section 2025.310 the deposition may be attended by any of the deposing party's counsel and/or client(s) by telephone or other remote electronic means.

## I.      PRODUCTION OF DOCUMENTS

NOTICE IS FURTHER GIVEN, pursuant to CCP§§2031.010 to 2031.060, that Plaintiff SAMANTHA PAGE to bring to the deposition the originals, or copies if originals are not available, of all documents and/or things identified in **Exhibit "A"** attached hereto. *In order to facilitate an expeditious deposition, Propounding Party requests deponent provide, if possible, any and all documents and/or things identified in **Exhibit "A"** five (5) days prior to the*

WEBB LAW GROUP, APC
466 West Fallbrook Avenue, Suite 102
Fresno, California 93711

*deposition date via email or facsimile.*

    A.      Definitions

For the purposes of this Deposition and Request for Production of Documents, the following terms and/or phrases will be defined as set forth below:

The terms "**DOCUMENT**" "**DOCUMENTATION**" OR "**WRITING**" shall mean any writing as defined by Evidence Code Section 250, which shall mean handwriting, typewriting, printing, photostating, photographing, and every other means of recording upon any tangible thing any form of communication or representation, including letters, words, pictures, sounds, or symbols, or combinations thereof; and shall further mean any written, recorded, graphic or other matter whether produced, reproduced or stored in paper, cards, tapes, discs, belts, charts, films, computer storage devices or any other media and shall include, but not be limited to matter in the form of books, reports, facsimiles, studies, statements, speeches, notebooks, applications, agreements, contracts, appointments, calendars, diaries, appointment books, telephone slips, telephone bills, time sheets, telegrams, cables, microfilm, microfiche, working papers, graphs, manuals, brochures, contracts, memoranda, notes, records, recordings, drawings, witness statements, objects, tangible things, invoices, bills, checks, check registers, drafts, bank statements, bank reconciliation statements, recording tapes, recording disks, correspondence, diaries, directories, desk calendars, expense account records, procedural and operational manuals, publications, vouchers, files, file jackets, specifications, working drawings, teletype messages, inter and intra office memoranda, minutes or records of any kind, tables and lists, purchase orders, reports of any kind, summaries, tabulations, bids, biddings, bookkeeping entries, invoices, billings, and published material, and shall also include, but not be limited to, originals, copies (with or without notes or changes thereon) and drafts; Electronically Stored Information ("ESI") as defined by CCP §2016.020 is defined as "information that is stored in an electronic medium," to include, but not be limited to, technology having electrical, digital, magnetic, wireless, optical, electromagnetic, or similar capabilities, and shall include, but not be limited to, EDP journals, word processing disks, word

WEBB LAW GROUP, APC
466 West Fallbrook Avenue, Suite 102
Fresno, California 93711

processing cards and any other mechanical or electronic information storage or recording elements.

**Native Electronic Format.** All documents must be produced in native electronic format (.doc, .pst, .msg, .xls, .txt) with a corresponding PDF (portable document file) file.

The term "**WRITINGS**" shall refer to handwriting, typewriting, printing, photostating, photographing, video and/or audio tape and/or film, and every other means of recording upon any tangible thing, and form of communication or representation, including letters, words, pictures, sounds or symbols or combination thereof.

The term "**RELATING,** " "**RELATE,**" "**RELATES,**" and/or "**REFLECTING**" shall mean and include referring to, connected with, commenting on, in respect of, about, regarding, discussing, involving, showing, describing, concerning, analyzing, evaluation, consisting, evidencing, mentioning, citing, quoting, and/or remarking.

The term "**INCIDENT**" shall refer to the circumstances and events surrounding the alleged accident, injury, or other occurrence giving rise to this action or proceeding.

The term "**PLAINTIFF**" shall refer to Plaintiff, SAMANTHA PAGE.

The term "**DEFENDANT**" shall refer to Defendant, JEFF WOO as well as his employees, agents, and representatives.

The term "**YOU**" or "**YOUR**" shall refer to Defendant JEFF WOO as well as any of his agents, representatives, or employees.

The term "**COMMUNICATION**" shall mean any form of oral or written contact between person or entities, including, but not limited to, face-to-face and telephone conversations, voice mail messages, letters, facsimiles, e-mail messages, transmittals, memoranda, inner-office memoranda, and notes.

For purposes of these requests, the term "**IDENTIFY**" when used as to individuals needs to provide that individual's name(s), last name, home address(es), last known address(es), last known home telephone number(s), facsimile, social media address, email address, last known work telephone number(s) and mobile telephone numbers. The term "**IDENTIFY**", when used as to DOCUMENTS or WRITINGS, shall mean to provide

WEBB LAW GROUP, APC
466 West Fallbrook Avenue, Suite 102
Fresno, California 93711

WEBB LAW GROUP, APC
466 West Fallbrook Avenue, Suite 102
Fresno, California 93711

DOCUMENT'S or WRITING'S title(s), author(s), date(s) of creation and present location.

The term "**PERSON**" shall include, but not be limited to, the definition provided in California Evidence Code Section 175 and include, any natural person, firm, association, organization, partnership, business, trust, and corporation or public entity.

The term "**RELEVANT TIME PERIOD**" shall refer to the time period from 5 years prior to filing of this lawsuit to present, to the present.

All defined items are capitalized. Please refer to definitions whenever a defined term is used.

## II.     CLAIMS OF PRIVILEGE

PLAINTIFF seeks any non-privileged documentation within YOUR control. Specifically, any documentation sent to or received from third parties regarding the individuals, entities listed as parties to the lawsuit or referred to in the documents attached. If YOU claim a privilege, in whole or in part, as to any DOCUMENT, or if YOU object to the production of any DOCUMENT, in whole or in part, identify the DOCUMENT YOU claim as privileged or to which YOU object, with sufficient particularity to support a motion to compel production of such DOCUMENTS, specify the particular privilege or privileges upon which YOU rely, and set forth in complete detail, each and every fact or ground upon which the claim of privilege or objection is valid. In addition, PLAINTIFF seeks any and all non-privileged documents within YOUR control relating to the matters referenced. Please set forth with respect to each DOCUMENT, in addition to any other information requested on the following:

a)  Its nature (e.g., letter, memorandum, etc.);

b)  Its title, if any;

c)  The date it was prepared;

d)  The identity of its author(s);

e)  The identity of the PERSON or PERSONS, including secretaries, typists and technicians who prepared it, participated in its preparation in any way, or signed it;

f)  The identity of the PERSON(S) to who it was addressed, or to whom copies

were directed to be transmitted;

g)   The identity of the PERSON(S) to whom the DOCUMENTS or copy was transmitted, directed, delivered or sent;

h)   Its present location and the identity of the PERSON(S) who presently has (have) custody of it;

i)   A description which is sufficient to identify the particular DOCUMENT/S subject matter without revealing information for which a privilege is claimed; and

j)   Each and every fact or basis on which YOU claim such privilege.

## III.    INSTRUCTIONS

1.    YOU are to produce and permit propounding party to inspect and copy each document described below.  If the production of any document is objected to for any reason, production shall be made of those remaining DOCUMENTS as to which no objection is made.

2.    If YOU object to the production of any document requested herein on the basis that it is privileged from production, YOU must state with respect to each document the nature of the privilege asserted and a complete identification of the document, including the title or caption of the document, if any, the name and address of the person who authored the document, the name and address of all persons known to YOU who received a copy of the document, and the date of the document or, if the document bears no date, the date on which the document was prepared.

3.    DOCUMENTS are to be produced without alteration and in the same form, order and system, including file folders, tabs, and indices, as they were maintained in the regular course of business prior to this request for production. If, through error, omission, oversight or otherwise, YOU fail to produce any DOCUMENTS called for herein, immediately upon your discovery of the fact of their not having been produced, YOU will produce such documents.

4.    Production of Electronically Stored Information ("ESI").

All documents must be produced in native electronic format (.doc, .pst, .msg, .xls, .txt)

WEBB LAW GROUP, APC
466 West Fallbrook Avenue, Suite 102
Fresno, California 93711

with a corresponding PDF (portable document file) file.

        The attached proof of service lists all attorneys of record and any unrepresented parties on whom this notice of deposition is being served.

Dated: July 17, 2025                        **WEBB LAW GROUP, APC**

                                      By _____

                                      LENDEN F. WEBB
                                      Attorney for Plaintiff
                                      SAMANTHA PAGE

WEBB LAW GROUP, APC
466 West Fallbrook Avenue, Suite 102
Fresno, California 93711

**EXHIBIT "A"**

**DOCUMENTS TO BE PRODUCED**

It is the intent of this document request to embrace all DOCUMENTS (as previously defined) prepared or maintained by YOU, or presently in YOUR possession, custody, or control relating to the allegations contained in the COMPLAINT. Categories of DOCUMENTS set forth below are descriptive of the types of DOCUMENTS to be produced. To the extent YOU have within YOUR possession, custody, or control other and further DOCUMENTS relating to the allegations alleged in the COMPLAINT, they are to be produced hereunder. The DOCUMENTS which YOU are to produce and permit Propounding Party to inspect, and copy include the following:

**Documents To Be Produced**:

**REQUEST FOR PRODUCTION NO. 1:** Any and all DOCUMENTS RELATING TO the 15% commission agreement between PLAINTIFF and Boos & Associates, including any written or oral agreements, emails, notes, or COMMUNICATIONS, during the RELEVANT TIME PERIOD.

**REQUEST FOR PRODUCTION NO. 2:** Any and all DOCUMENTS RELATING TO the 15% commission agreement between YOU and any employee at Boos & Associates, including any written or oral agreements, emails, notes, or COMMUNICATIONS, during the RELEVANT TIME PERIOD.

**REQUEST FOR PRODUCTION NO. 3:** Any and all DOCUMENTS RELATING TO the 2.5% commission agreement between YOU and PLAINTIFF concerning any PERSON YOU referred to the ERC program at Boos & Associates during the RELEVANT TIME PERIOD.

**REQUEST FOR PRODUCTION NO. 4:** A list of all PERSONS, whom YOU referred, that participated in the ERC program at Boos & Associates during the RELEVANT TIME PERIOD.

**REQUEST FOR PRODUCTION NO. 5:** Any and all DOCUMENTS RELATING TO any commission agreements between YOU and PLAINTIFF during the RELEVANT TIME PERIOD.

WEBB LAW GROUP, APC
466 West Fallbrook Avenue, Suite 102
Fresno, California 93711

**REQUEST FOR PRODUCTION NO. 6:**  Any and all COMMUNICATIONS, including but not limited to email correspondence and text messages, between YOU and PLAINTIFF during the RELEVANT TIME PERIOD.

**REQUEST FOR PRODUCTION NO. 7:**  Any and all COMMUNICATIONS, including but not limited to email correspondence and text messages, between YOU and other employees of Boos & Associates regarding any commission agreements during the RELEVANT TIME PERIOD.

**REQUEST FOR PRODUCTION NO. 8:**  Any and all COMMUNICATIONS, including but not limited to email correspondence and text messages, between YOU and WAYNE BOOS regarding any commission agreements with PLAINTIFF during the RELEVANT TIME PERIOD.

**REQUEST FOR PRODUCTION NO. 9:**  Any and all COMMUNICATIONS, including but not limited to email correspondence and text messages, between YOU and other employees of Boos & Associates regarding PLAINTIFF during the RELEVANT TIME PERIOD.

**REQUEST FOR PRODUCTION NO. 10:** Any and all COMMUNICATIONS between YOU and Wayne Boos regarding PLAINTIFF during the RELEVANT TIME PERIOD.

**REQUEST FOR PRODUCTION NO. 11:** Any and all COMMUNICATIONS between YOU and Wayne Boos regarding PLAINTIFF's commission agreement during the RELEVANT TIME PERIOD.

**REQUEST FOR PRODUCTION NO. 12:** Any and all DOCUMENTS RELATING TO complaints made by PLAINTIFF against YOU for harassment or mistreatment during her employment at Boos & Associates.

**REQUEST FOR PRODUCTION NO. 13:** Any and all DOCUMENTS RELATING TO any complaints of harassment made against YOU by other employees during YOUR employment at Boos & Associates.

**REQUEST FOR PRODUCTION NO. 14:** Any and all DOCUMENTS RELATING TO the April 11, 2023, altercation between YOU and PLAINTIFF, including any witness statements, emails, notes, or COMMUNICATIONS.

WEBB LAW GROUP, APC
466 West Fallbrook Avenue, Suite 102
Fresno, California 93711

**REQUEST FOR PRODUCTION NO. 15:** Any and all DOCUMENTS RELATING TO YOUR actions taken following PLAINTIFF's complaints of harassment, including any investigations, HR reports, or corrective actions.

**REQUEST FOR PRODUCTION NO. 16:** Any and all DOCUMENTS RELATING TO any disciplinary actions taken by Boos & Associates against YOU for harassment or misconduct during the RELEVANT TIME PERIOD.

**REQUEST FOR PRODUCTION NO. 17:** Any and all DOCUMENTS RELATING TO the decision to relocate PLAINTIFF's desk or modify her job duties after her complaints of harassment.

**REQUEST FOR PRODUCTION NO. 18:** Any and all DOCUMENTS RELATING TO PLAINTIFF's signing bonus at Boos & Associates during the RELEVANT TIME PERIOD.

**REQUEST FOR PRODUCTION NO. 19:** Any and all DOCUMENTS RELATING to YOUR hotel reservations, room assignments, or expenses for the December 2022 Gala during the RELEVANT TIME PERIOD.

**REQUEST FOR PRODUCTION NO. 20:** Any and all DOCUMENTS between YOU and any PERSON (including Plaintiff's parents or relatives) referencing PLAINTIFF's ability to earn commission for ERC referrals during the RELEVANT TIME PERIOD.

**REQUEST FOR PRODUCTION NO. 21:** Any and all DOCUMENTS RELATING TO or evidencing any threats, warnings, or statements made by YOU to PLAINTIFF involving the Hells Angels Motorcycle Club during the RELEVANT TIME PERIOD.

///

///

WEBB LAW GROUP, APC
466 West Fallbrook Avenue, Suite 102
Fresno, California 93711

1

**REQUEST FOR PRODUCTION NO. 22:** Any and all COMMUNICATIONS, including but

2

not limited to email correspondence and text messages, between YOU and any PERSON

3

associated with the Hells Angels Motorcycle Club RELATED to PLAINTIFF during the

4

RELEVANT TIME PERIOD.

5

Dated: July 17, 2025                                    **WEBB LAW GROUP, APC**

6

7

8

By

9

LENDEN F. WEBB
Attorney for Plaintiff

10

SAMANTHA PAGE

11

WEBB LAW GROUP, APC
466 West Fallbrook Avenue, Suite 102
Fresno, California 93711

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**PROOF OF SERVICE**

STATE OF CALIFORNIA, COUNTY OF FRESNO

I am employed in the County of San Diego, State of California. I am over the age of 18 and not a party to the within action; my business address is: **466 West Fallbrook Avenue, Suite 102, Fresno, CA 93711**. My email address is **Service@WebbLawGroup.com**.

On **July 17, 2025**, I served the document(s) described as:

1. **PLAINTIFF'S SECOND AMENDED NOTICE OF TAKING DEPOSITION OF DEFENDANT JEFF WOO WITH REQUEST FOR PRODUCTION**

on the interested parties in this action by placing a true copy thereof enclosed in a sealed envelope at: San Diego, California, addressed as follows:

Daniel Cravens
Janelle Di Mino
Nicole Travis
O'HAGAN MEYER
8050 N. Palm Ave, Suite 300
Fresno CA, 93711
Telephone: (559) 628-4756
*Email:* dcravens@ohaganmeyer.com
*Email:* jdimino@ohaganmeyer.com
*Email:* ntavis@ohaganmeyer.com
*Attorney for Defendants Jeff Woo, Wayne*
*Boos, and Boos & Associates*

\_\_\_\_\_ (BY MAIL) I am readily familiar with this business' practice for collection and processing of correspondence for mailing, and that correspondence, with postage thereon fully prepaid, will be deposited with the U.S. Postal Service on the date hereinabove in the ordinary course of business, at Fresno, California.

 XX  (BY E-MAIL) I caused the above-referenced document(s) to be electronically mailed to the offices of the addressee(s) **pursuant to CCP § 1010.6**. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

Executed on **July 17, 2025**, at San Diego, California

 XX  (STATE) I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

_____
SYANN CADOGAN

# EXHIBIT C



Searching All Outlook Items

Legacy Outlook  On ⬤    🔍 PHKCRD@cand.uscourts.gc ⊗

All | All
lboxes | Items

From  Subject  Attachments  Sent  | Filter search results on recipients

Date Received ⌄  | Important  | 🏳 Flagged

📇 Save Search
🔍 Advanced

Close Search

| | ℹ | 📎 | Title | Date |
|---|---|---|---|---|
| 1006 | ✉ | 📎 | 23-cv-06558-PHK Hill v.... | Oct 22, 2025 |
| 278 | ✉ | | Re: Hill - 23-cv-06558-P... | Aug 8, 2025 |
| 4249 | ✉ | | RE: Hill - 23-cv-06558-P... | Aug 8, 2025 |
| 2319 | ✉ | | **Hill - 23-cv-06558-PH...** | **Aug 8, 2025** |
| 578 | | | | |
| 167 | ✉ | | **Hearing in Hill v. Workd...** | **Jul 30, 2025** |
| 2448 | ✉ | | **Hearing in Hill v. Workd...** | **Jul 30, 2025** |
| 3108 | ✉ | | Re: Hill: Locking Docume... | Jul 24, 2025 |
| 1929 | ✉ | | **RE: Hill: Locking Docum...** | **Jul 24, 2025** |
| | ✉ | | Re: Hill: Locking Docume... | Jul 24, 2025 |
| 221 | ✉ | | Hill: Locking Document #... | Jul 24, 2025 |
| 282 | | | | |
| 2673 | | | | |
| 2101 | | | | |
| 459 | | | | |
| 773 | | | | |
| 504 | | | | |
| 100 | | | | |
| 522 | | | | |

## 23-cv-06558-PHK Hill v. Workday, Inc. et al-Orders

**PC**  ⊙ **PHK CRD <PHKCRD@can...**    Yesterday at 9:08 PM

**To:** ⊙ Lenden Webb

📄 23-cv-06558-PHK...    ⌄    **+1 more** ⌄
228.6 KB

**Download All · Preview All**

→ You forwarded this message on 10/23/25, 5:47 AM.

Dear Counsel,

Please find the attached two orders filed in the above referenced case.

Respectfully,

Jenny Galang
Relief Courtroom Deputy to the
Honorable Peter H. Kang

*NOTICE OF CONFIDENTIALITY:* This confidential E-mail is from a law firm. It is covered by the Electronic Communications Privacy Act, 18 U.S.C. Sections 2510-2521 and is legally privileged. If you received this in error, please advise the sender and delete this email.

**From:** PHK CRD <PHKCRD@cand.uscourts.gov>
**Date:** Wednesday, October 22, 2025 at 9:08 PM
**To:** Lenden Webb <LWebb@webblawgroup.com>
**Subject:** 23-cv-06558-PHK Hill v. Workday, Inc. et al-Orders

Dear Counsel,

Please find the attached two orders filed in the above referenced case.

Respectfully,

Jenny Galang
Relief Courtroom Deputy to the
Honorable Peter H. Kang

# EXHIBIT D

**From:** Lenden Webb <LWebb@webblawgroup.com>
**Date:** Thursday, October 23, 2025 at 8:01 AM
**To:** PHK CRD <PHKCRD@cand.uscourts.gov>
**Cc:** Katherine Cervantes <KCervantes@webblawgroup.com>
**Subject:** Re: 23-cv-06558-PHK Hill v. Workday, Inc. et al-Orders

Thank you for sending this.  We will immediately comply and send a declaration as outlined.

One question, I see a reference to a September 5, 2025 order, but I do not have that in my records.  I have attached a screenshot of communication I have from the court on this case and haven't had anything since August 8, 2025. Admittedly, we "internally" closed this case on August 14, 2025 and we typically end all calendaring for cases after "closing" internally. **Would you be so kind as to forward the September 5 communication of that order?** I want to ensure that all communication from the court is promptly received and addressed.   We will get to the bottom of this issue.

Just as an example of how serious I take this issue, on **Tuesday** of this week, I was on the zoom and email communication with our Westlaw representative voicing concerns about this "hallucination" issue. (see *attached* PDF of correspondence with Westlaw agent Mark Strange) Again, this is a great concern for me and I want to root out the issues.

A second example of how seriously I take this is that I flew 10 of our staff to ClioCon in Boston last week to work on improving our firm's efforts to serve clients. Ms. Cervantes attended multiple seminars along with me on AI issues and we had an evening private room dinner meeting in Boston to go through notes as each staffer was assigned to separate sessions to learn as much as they could. This is not a conference for fun, this is work. Ms. Cervantes diligently sent me at least 3 emails with notes from her training. We also an "all hands" meeting at our home office in San Diego to address tools to ensure we are doing the best to continue to improve. A large push from this conference is to ethically use AI appropriately.  (see *LinkedIn post attached*)

Please know that I am 100% "in" on taking this seriously and I will work posthaste to supply a declaration to the court about our small firm's efforts to be a diligent member of the legal community. If the court wishes for me to come in person I will buy the ticket and come straightaway.

At your service.

~Lenden F. Webb

619-546-5800 (Cell)
858-258-9312 (direct)
619-399-7700 (front office who will track me down)

# EXHIBIT E



**Lenden F. Webb** ⊘ · You
Experienced Trial Lawyer
Visit my website
5d · 🌐

The team crushed ClioCon's 2025 in Boston! Ten trusty soldiers harvested every tip & trick and are fully armed with ways to boost our clients' success!



👤 with **Katherine Cervantes** and 6 others

Sole Suchomel and 21 others

Reactions

         +14

 👍 Like    💬 Comment   🔁 Repost   ✈ Send

📊 964 impressions                    View analytics

**WEBB LAW GROUP, APC**
466 W. Fallbrook Avenue, Suite 102
Fresno, CA 93711

## <u>CERTIFICATE OF SERVICE</u>

I am employed in the County of San Diego, State of California. I am over the age of 18 and not a party to the within action; my business address is: 10509 Vista Sorrento Parkway, Suite 450, San Diego, CA 92121. My email address is Service@WebbLawGroup.com.

On October 23, 2025, I served the document(s) described as:

1. **DECLARATION OF LENDEN F. WEBB IN SUPPORT OF ORDER RE: RESPONSE TO ORDER TO SHOW CAUSE BY ATTORNEYS WEBB AND CERVANTES**

on the interested parties in this action by placing a true copy thereof enclosed in a sealed envelope at: San Diego, California, addressed as follows:

450 Golden Gate Avenue
San Francisco, CA 94102
Courtroom F – 15th Floor
PHKCRD@cand.uscourts.gov
*Magistrate Judge Peter H. Kang*
*Jenny Galang, Relief Courtroom Deputy to the Honorable Peter H. Kang*

____XX____ (BY CM/ECF) By electronic email service and electronically filing the foregoing with the Clerk of the U.S. District Court, Northern District using its CM/ECF filing system.

Executed on **October 23, 2025**, at San Diego, California

__XX___ I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

_____
MORGAN J. EDGAR