Lenden F. Webb, Esq (236377)
**WEBB LAW GROUP, APC**
10509 Vista Sorrento Parkway, Suite 450
San Diego, CA 92121
Telephone: (619) 399-7700
Email: LWebb@WebbLawGroup.com
**Please serve to:** Service@WebbLawGroup.com

Attorneys for Plaintiff,
ANTHONY C. HILL

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| ANTHONY C. HILL, an individual,<br><br>Plaintiff,<br><br>v.<br><br>WORKDAY, INC., et al.,<br><br>Defendant. | Case No.: 23-cv-06558-PHK<br><br>**FURTHER AND SUPPLEMENTAL DECLARATION OF LENDEN F. WEBB IN SUPPORT OF ORDER RE: RESPONSE TO ORDER TO SHOW CAUSE BY ATTORNEYS WEBB AND CERVANTES**<br><br>Re: Docket #161 and Docket #177<br><br>Dept.: F<br>Judge: Hon. Peter F. Kang |

I, LENDEN F. WEBB, declare as follows:

1.      I am an attorney licensed by the State Bar of California and I was previous counsel of record for the Plaintiff ANTHONY C. HILL (*hereinafter* "Plaintiff") in the above-captioned matter.

2.      On July 17, 2025, Plaintiff ANTHONY C. HILL moved to substitute out Webb Law Group, APC and counselors Katherine E. Cervantes and Lenden F. Webb so that he could proceed in pro per. This Court granted the substitution of attorney on August 7, 2025 (Docket #144).

FURTHER AND SUPPLEMENTAL DECLARATION OF LENDEN F. WEBB IN SUPPORT OF ORDER
RE: RESPONSE TO ORDER TO SHOW CAUSE BY ATTORNEYS WEBB AND CERVANTES

- 1 -

WEBB LAW GROUP, APC
10509 Vista Sorrento Parkway, Suite 450
San Diego, California 92121

3.      This declaration is submitted in further and supplemental response to the Court's July 30, 2025 ORDER TO SHOW CAUSE (Docket #129), the Court's September 5, 2025 ORDER RE: RESPONSE TO ORDER TO SHOW CAUSE BY ATTORNEYS WEBB AND CERVANTES (Docket #161), and the FURTHER ORDER TO SHOW CAUSE dated October 22, 2025 (Docket #177).

4.      As I understand, the Court's concern is not limited to whether artificial intelligence tools may have been involved in the generation of language or citations. I understand the Court's broader concern also includes the fundamental duty of counsel of record and supervising attorneys to ensure that any authority presented to the Court exists, is accurately cited, and actually supports the proposition for which it is offered.

5.      I further understand that, as the senior attorney associated with Webb Law Group, APC, I bear responsibility to make reasonable efforts to ensure that I and the attorneys and staff working under my supervision comply with applicable professional obligations, local rules, standing orders, and appropriate filing-review procedures. As such, I submit this further declaration in a spirit of candor, respect, and continued compliance.

6.      I am mindful that, after reviewing prior submissions and the hearing record, the Court issued its September 5, 2025 Order (Docket #161), which admonished counsel and directed that I identify the steps I personally and my firm have taken, or plan to take, to mitigate and prevent similar issues from occurring in the future. As such, I submit the matters below in further response to the Court's directive.

7.      Since my prior declaration, I have continued to undertake and oversee remedial measures intended to address the Court's concerns, including continuing legal education, supervision, internal quality-control practices, and the responsible use of technology in legal work. I have done so because I take seriously the Court's concerns and believe those measures are necessary to improving supervision, judgment, and internal quality control.

8.      Moreover, as part of the firm's remediation efforts and in connection with the issues raised by the Court concerning the briefing drafted by Katherine E. Cervantes, I also

---

**FURTHER AND SUPPLEMENTAL DECLARATION OF LENDEN F. WEBB IN SUPPORT OF ORDER RE: RESPONSE TO ORDER TO SHOW CAUSE BY ATTORNEYS WEBB AND CERVANTES**

completed CLE courses addressing artificial intelligence, ethics, supervision, and related professional-responsibility subjects. Although some of the courses listed below predated the Court's orders, I continued these educational efforts thereafter in response to the Court's concerns and as part of the firm's ongoing remedial response. Those CLEs include the following:

A.  2023:

    a)  March 14, 2023; *A View From the Bench*; CASD; 2.0 General

    b)  July 24, 2023; *Hearsay Rule and Key Exceptions Program*; SD Inn of Court; 2.5 General

    c)  October 19, 2023; *ADR Tools in Property Disputes*; SeminarWeb (SDCBA); 1.0 General

B.  2024:

    a)  October 7, 2024; *Cybersecurity Essentials: Safeguarding Client Trust and Confidentiality*; 0.5 General

    b)  October 7, 2024; *Actionable Insights on AI: Getting Started*; 1.0 General

    c)  October 8, 2024; *Mastering Time Management for Lawyers*; 1.0 General

C.  2025:

    a)  October 17, 2025; *The KPI Playbook: Turning Insights into Action*; ClioCon; 1.0 General

    b)  October 18, 2025; *Chatbots and Virtual Assistants: Enhancing Client Service*; ClioCon; 1.0 General

D.  2026:

    a)  February 6, 2026; *How Will AI Change the Legal Workplace*; TRT; 1.0 General

    b)  February 15, 2026; *AI Audit: A Lawyer's Guide to Navigating the New Frontier*; TRT; 1.0 General

    c)  February 16, 2026; *The Virtuous Lawyer's Ethics Alarms Tune-Up: 6 Professionalism Challenges*; TRT; 1.0 General

WEBB LAW GROUP, APC
10509 Vista Sorrento Parkway, Suite 450
San Diego, California 92121

**FURTHER AND SUPPLEMENTAL DECLARATION OF LENDEN F. WEBB IN SUPPORT OF ORDER RE: RESPONSE TO ORDER TO SHOW CAUSE BY ATTORNEYS WEBB AND CERVANTES**

d) March 15, 2026; *The CROWN Act: Hair Texture Discrimination in the Legal Profession*; 1.0 General

e) March 15, 2026; *ChatGPT in the Legal Field: Benefits, Pitfalls, and Ethical Considerations*; 1.0 General

f) March 15, 2026; *Attorney Misconduct and Ethical Courtroom Behavior*; TRT; 2.0 General

g) March 18, 2026; *Unveiling Professionalism: A Comprehensive Guide for Lawyers*; TRT; 2.0 General

h) March 21, 2026; *Attorney Well-Being: Regulation, Risk and Resilience*; TRT; 1.0 General

i) March 24, 2026; *Ethical Wellness for Attorneys: Suicide Prevention, Mental Health, and Professional Responsibility in the Legal Profession*; TRT; 1.0 General

j) March 26, 2026; *Anti-DEI Backlash: Creating Legally Defensible Workplace Metrics*; TRT; 2.0 Elimination of Bias

9. In addition to these educational efforts undertaken as part of the firm's remediation, I continue to implement and oversee office systems intended both to constrain and structure the use of artificial intelligence and to responsibly leverage technology to better support our clients, improve the quality and timeliness of work product, and increase efficiency in research and drafting. These platforms include, among others, ClioWork, ClioDraft, Deposely, and Westlaw AI.

10. Importantly, the purpose of implementing or maintaining such systems is not to substitute the use of software for attorney judgment. To the contrary, my intent is to maintain a workflow in which technology-assisted work remains subject to human review, verification, and accountability before any work product is relied upon or submitted. I understand that no software tool relieves an attorney of the obligation to read, verify, and independently assess any authority or factual statement presented to a court.

**FURTHER AND SUPPLEMENTAL DECLARATION OF LENDEN F. WEBB IN SUPPORT OF ORDER RE: RESPONSE TO ORDER TO SHOW CAUSE BY ATTORNEYS WEBB AND CERVANTES**

- 4 -

WEBB LAW GROUP, APC
10509 Vista Sorrento Parkway, Suite 450
San Diego, California 92121

11. In response to the issues identified by the Court, I continue to stress internally that no attorney or staff member may rely on AI-generated language, summaries, quotations, case descriptions, or citation strings without review of the underlying source materials and confirmation that the cited authority actually supports the statement for which it is offered.

12. Put differently, any use of AI-assisted drafting or research must remain subordinate to attorney review. Attorneys remain responsible for the final work product, and responsibility for accuracy cannot be delegated to a platform, a feature, or a subordinate.

13. Moreover, I have continued to implement and maintain internal training measures designed to improve supervision, quality control, and accountability. We conduct weekly cross-training sessions with staff in our larger conference rooms using two large screens so that workflows, research methods, drafting practices, and file-handling protocols can be reviewed collectively. We provide lunch and compensate participating staff at effective double time rate in order to encourage attendance, active participation, and practical instruction.

14. These weekly trainings are intended to reinforce diligence, cross-checking, shared learning, and accountability. They also help reduce the risk that a single attorney or staff member works in isolation without adequate oversight or review, particularly in matters involving court filings, legal research, or technology-assisted drafting.

15. For newer staff, we maintain a mandatory, fully paid, thirty-minute morning exercise devoted to reading tentative rulings published by the California Superior Court. Senior staff may attend on an optional basis. We have followed this practice for years because I believe that learning to read court rulings carefully helps develop judgment, discipline, and a practical understanding of what courts expect from lawyers.

16. We also offer paid CLE time for attorneys and paralegals. Following the Court's orders, I have emphasized that CLE efforts should include not only substantive law, but also the responsible use of AI tools, legal ethics, professionalism, verification practices, and technology competence.

**FURTHER AND SUPPLEMENTAL DECLARATION OF LENDEN F. WEBB IN SUPPORT OF ORDER RE: RESPONSE TO ORDER TO SHOW CAUSE BY ATTORNEYS WEBB AND CERVANTES**

- 5 -

17.    In October 2025, our firm paid for ten (10) staff members to travel to ClioCon in Boston. Based on my experience at that conference, the effective and ethical use of AI in the practice of law was among the principal lecture, roundtable, and discussion topics. Of note, Attorney Katherine E. Cervantes and I attended ClioCon 2025 along with other firm personnel.

18.    Following that conference, our office has continued to discuss how best to use technology in a way that improves client service without compromising accuracy, candor, or professional responsibility. I do not view conferences such as ClioCon as recreational events; rather, I view them as work-related opportunities to gather instruction, observe emerging best practices, and incorporate those lessons into our practice.

19.    We have also booked tickets and entrance fees for the upcoming ClioCon in October 2026 because I intend for our office to continue to learn and improve in this area, rather than treating the Court's concerns as a one-time event.

20.    In addition to training and technology, I continue to focus on supervision itself. Proper supervision requires more than trusting a tool or assuming that a subordinate has completed a task correctly. It requires repeated instruction, verification of completed work, and a clear expectation that anything filed under an attorney's name must be reviewed with care before submission.

21.    More specifically, I continue to emphasize that verification of cited authority is a necessary part of pre-filing review. My expectation within the office is that authorities relied upon in briefing **must be checked** against the underlying source before submission and that summaries, parentheticals, or characterizations of authority must fairly reflect what the source actually says.

22.    I also understand that compliance extends beyond the content of a filing and includes responsiveness to the Court and proper monitoring of the Court's docket. Accordingly, I am continuing to monitor the Court's docket as directed. I understand the importance of doing so consistently and do not take lightly the Court's prior concerns relating to responsiveness and compliance.

WEBB LAW GROUP, APC
10509 Vista Sorrento Parkway, Suite 450
San Diego, California 92121

**FURTHER AND SUPPLEMENTAL DECLARATION OF LENDEN F. WEBB IN SUPPORT OF ORDER RE: RESPONSE TO ORDER TO SHOW CAUSE BY ATTORNEYS WEBB AND CERVANTES**

- 6 -

23.     I respectfully inform the Court that Attorney Katherine E. Cervantes is no longer with our firm. I include that fact for completeness only. Regardless of personnel changes, I understand that my supervisory obligations and my duty to respond candidly to the Court remain my responsibility, and I continue to oversee the implementation of these remedial measures and the supervision of work performed under my authority.

24.     As such, I respectfully submit that the measures described above are part of an ongoing and serious effort to strengthen office procedures, improve attorney oversight, expand continuing education, improve verification practices, reduce AI-related risk, and ensure that technology-assisted tools are used, if at all, only in a manner consistent with professional obligations, court rules, and the duty of candor.

25.     I respectfully submit that these efforts are not cosmetic. They reflect concrete investments of time, money, training resources, and management attention. My purpose is not to excuse prior shortcomings, but to demonstrate to the Court that I treat its concerns seriously and continue taking preventive steps to avoid similar issues in the future.

26.     I remain mindful that the ultimate duty rests with the attorney, not the software, and not any subordinate. I remain committed to meeting that duty.

27.     I remain at the Court's service. Should the Court direct that I complete additional CLE courses, I am willing to do so.

I declare under penalty of perjury under the laws of California that the foregoing is true and correct, and that this declaration was executed on April 3, 2026, in San Diego, California.

LENDEN F. WEBB

FURTHER AND SUPPLEMENTAL DECLARATION OF LENDEN F. WEBB IN SUPPORT OF ORDER RE: RESPONSE TO ORDER TO SHOW CAUSE BY ATTORNEYS WEBB AND CERVANTES

- 7 -

WEBB LAW GROUP, APC
10509 Vista Sorrento Parkway, Suite 450
San Diego, California 92121

## CERTIFICATE OF SERVICE

I am employed in the County of San Diego, State of California. I am over the age of 18 and not a party to the within action; my business address is: 10509 Vista Sorrento Parkway, Suite 450, San Diego, CA 92121. My email address is **Service@WebbLawGroup.com**

On April 3, 2026, I served the document(s) described as:

- **FURTHER AND SUPPLEMENTAL DECLARATION OF LENDEN F. WEBB IN SUPPORT OF ORDER RE: RESPONSE TO ORDER TO SHOW CAUSE BY ATTORNEYS WEBB AND CERVANTES.**

on the interested parties in this action by placing a true copy thereof enclosed in a sealed envelope at: San Diego, California, addressed as follows:

Kayla Delgado Grundy
ORRICK, HERRINGTON &
SUTCLIFFE LLP
The Orrick Building
405 Howard Street
San Francisco, CA 94105-2669
*Telephone:* (415) 773-5537
*Fax*: (415) 773-5759
*Email*: kdelgado@orrick.com

Julie Ann Totten
ORRICK, HERRINGTON &
SUTCLIFFE LLP
400 Capital Mall, Suite 3000
Sacramento, CA 95814
*Telephone:* (916) 447-9200
*Email*: jtotten@orrick.com

*Attorneys for Defendants Workday, Inc., Susan Dahm, Lisa McFall, Katie Hauck*

Anthony C. Hill
5 Kaywood Court
Silver Spring, MD 20905
Email: Anthony_C_Hill@Hotmail.com
Telephone: (202) 390-8740
*Plaintiff, Pro Se*

__XX__ (BY CM/ECF) By electronic email service and electronically filing the foregoing with the Clerk of the U.S. District Court, Northern District using its CM/ECF filing system.

Executed on **April 3, 2026**, at San Diego, California

__XX__ I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

SERGIO PENUELAS MUNOZ